DAVID M. POITRAS, APC (CA Bar No. 141309)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
Email: dpoitras@jmbm.com

PAMELA C. JACKSON (CA Bar No. 87502)
PAMELA C. JACKSON, INC.
409 Boyd Street
Vacaville, California 95688
Telephone: (707) 446-2333
Facsimile: (707) 446-2393
Email: jackson@pcjlawinc.com

Attorneys for Moving Party,
Duke Partners II, LLC

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JAYNE MARGARET CARNEY,<br><br>Debtor. | CASE NO. 13-bk-45872-RLE<br><br>RS NO. DMP-1<br><br>Chapter 13<br><br>Date: September 27, 2017<br>Time: 1:30 p.m.<br>Ctrm: 201<br>Place: 1300 Clay Street<br>Oakland, CA 94612<br>Judge: The Hon. Roger L. Efremsky |

## DECLARATION OF SHERI CRANDALL IN SUPPORT OF DUKE PARTNERS II, LLC'S MOTION TO ANNUL THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

I, Sheri Crandall, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of the Motion in my capacity as an asset manager for Movant.

2. I am one of the custodians of the books, records and files of Movant that pertain to the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the times of the events recorded, and are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records of Movant applicable to the Property are available for inspection and copies can be submitted to the Court if required.

3. The Property at issue is generally described as 9527 Granada Avenue, Oakland, California 94605 (the "Property"). The Property is residential property, a single family residence.

4. Duke Partners II, LLC, the Moving Party herein ("Duke" or "Movant") is the owner of the Property. The foreclosure process started in November 2015. The foreclosure sale was originally scheduled for April 21, 2016. Duke purchased the Property at a duly noticed foreclosure sale conducted on October 27, 2016 and a Trustee's Deed Upon Sale was subsequently recorded on January 26, 2017.

5. An individual by the name of Anthony A. Malfatti is the former owner of the Property and the trustor under the foreclosed deed of trust (the "Prior Owner").

6. The Prior Owner filed a chapter 13 case on December 28, 2015, which case was dismissed on February 9, 2016.

7. On March 23, 2016, the Prior Owner then filed a State Court action in the Alameda County Superior Court seeking a preliminary injunction to stop the foreclosure sale. The request was denied by order entered April 18, 2016.

8. The Prior Owner then embarked upon a series of transferring fractionalized interests in the Property to three separate debtors with bankruptcy cases already pending in order to "hi-jack" the automatic stay in those cases. *See,* In re Irma Rodriguez, 2:16-bk-14835-WB, In re Morales, 16-41638 and In re Daniel Soto, 2:16-bk-23744-NB. An "in rem" order concerning the

- 2 -

Property was entered in the Soto case January 17, 2017, which order terminates the stay in all cases concerning the Property commenced within two years of the entry of the order.

9. As set forth below, Movant recently became aware that: (i) Jayne Margaret Carney, was a chapter 13 debtor (the "Debtor"), having filed a chapter 13 petition on October 25, 2013 (the "Case"), and (ii) Debtor asserts a right to reside in the Property. The Prior Owner also resided in the Property.

10. At no time has Debtor had any ownership interest of record in the Property and Debtor claimed no such interest in the Case.

11. A review of the Court's PACER docket reflects that Debtor confirmed a chapter 13 plan on December 11, 2013, which chapter 13 plan was subsequently modified.

12. Prior to becoming aware of the Case and Debtor's assertion of a right to reside in the Property, on March 7, 2017, Duke caused to be served a *Notice to Quit After Foreclosure*.

13. Prior to becoming aware of the Case and Debtor's assertion of a right to reside in the Property, Duke filed its *Complaint for Unlawful Detainer* against the Prior Owner (the "Action").

14. Prior to becoming aware of the Case and Debtor's assertion of a right to reside in the Property, on March 22, 2017, Duke caused to be served a *Prejudgment Claim of Right to Possession* pursuant to CCP § 415.46 (the "Pre-Right"). The Pre-Right was also posted on the Property and mailed to "All Occupants Claiming Possession Pursuant to 415.46."

15. Debtor did not file a claim of right of possession as allowed by California law.

16. Prior to becoming aware of the Case and Debtor's assertion of a right to reside in the Property, Duke filed a *Motion for Summary Judgment* in the Action, which motion was granted by the Superior Court and a *Writ of Possession* was issued by the Superior Court on July 3, 2017.

17. Prior to becoming aware of the Case and Debtor's assertion of a right to reside in the Property, the Sheriff of Alameda County executed the writ of possession on August 16, 2017. Debtor did not claim any right to possession at that time.

18. On August 16, 2017, after possession of the Property had been given over to Duke by the Sheriff, Duke was contacted by Debtor who claimed to reside in the Property. Debtor did not advise Duke of her pending chapter 13 case at that time. Prior to that time, Duke was not aware

- 3 -

of any persons claiming any right to possession in the Property other than the Prior Owner. Debtor was thereafter given access to the Property at her request to remove her personal property.

19. On August 23, 2017, prior counsel for Debtor contacted Duke's State Court counsel and advised Duke for the first time that Debtor had a chapter 13 case pending before this Court. Possession of the Property was not demanded at that time and the parties commenced negotiations to resolve any issues between them.

20. On August 25, 2017, at approximately 11:56 a.m., Debtor, through counsel, demanded that she be given possession of the Property, based upon the automatic stay.

21. At approximately 2:40 p.m. on August 25, 2017, Debtor was provided a key to and possession of the Property.

22. On August 28, 2017, Debtor agreed to settlement of all issues between the parties, which settlement included annulment of the automatic stay. Debtor was sent settlement documentation on August 29, 2017. Debtor's counsel informed Duke that he was reviewing the settlement terms with Debtor. Without explanation, Debtor reneged on the settlement on September 7, 2017, necessitating this motion to annul the stay.

23. As set forth above, Duke acquired title to the Property in January 2017. Notwithstanding, Debtor has not paid any amount to Duke, continuing through the date of this declaration. Debtor did not offer to pay any rent until September 7, 2017 after she retained new counsel and reneged on the settlement agreement.

I declaration under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 13th day of September 2017 in Redondo Beach, California.

_____
SHERI CRANDALL

- 4 -